UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAL WILLIAMS,<br><br>      Petitioner,<br><br>  vs.<br><br>WILLIAM BROWN, Superintendent,<br>Eastern New York Correctional Facility,<br><br>      Respondent. | No. 9:07-cv-00048-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Jamal Williams, appearing *pro se*, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is currently in the custody of the New York State Department of Corrections incarcerated at the Eastern New York Correctional Facility.  Petitioner was convicted in the Schenectady County Court upon a plea of guilty to Attempted Assault in First Degree (N.Y. Pen. Law §§ 110.00/120.10(1)) and sentenced to determinate term of imprisonment of 10 years followed by a four-year period of post-release supervision. Respondent has responded to the petition and Petitioner has filed a traverse.

  Petitioner timely appealed his conviction and sentence to the Appellate Division, Third Department, which affirmed his conviction and sentence on June 26, 2006, and the New York Court of Appeals denied leave to appeal on October 30, 2006.  *People v. Williams*, 819 N.Y.S.2d 131 (N.Y.A.D), *lv. denied*, 857 N.E.2d 1147 (Table) (N.Y. 2006).  Petitioner timely filed his petition in this Court on January 12, 2007.

  Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir.2000), which in this case was that of the Appellate Division, Third Department, affirming his conviction. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In his petition before this Court Petitioner raises a single ground: Whether Petitioner had a right to withdraw his plea when the sentencing judge failed to sentence him in accordance with the plea bargain placed on record, even if plaintiff waived the right to appeal as part of the bargain.

Petitioner was charged in an eight-count indictment with attempted murder in the second degree, two counts of assault in the first degree, two counts of assault in the second degree, reckless endangerment in the second degree and criminal possession of a weapon in the third degree. Petitioner pleaded guilty to attempted assault in the first degree and agreed to waive his right to appeal. Petitioner contends that it was his understanding that he would be sentenced to 10 years in prison and a period of between 1½ and 3 years post-release supervision. County Court sentenced petitioner to a term of 10 years in prison and four years of post-release

supervision, a post-release supervision exceeding the plea agreement. It is the additional year of post-release supervision that is at issue.

In holding against Petitioner, the Appellate Division held (819 N.Y.S.2d at 131–32 (citations omitted)):

> Initially, we note that defendant's arguments are unpreserved. Nonetheless, the arguments are without merit. The record indicates that the plea agreement did not specify the length of the period of postrelease supervision to be imposed, only that the parties agreed there would be "a term of post-release supervision." County Court's erroneous indication that the period of postrelease supervision would be somewhere between 1½ and 3 years was not a promise or term of the negotiated plea agreement. A determinate sentence imposed upon a conviction for a class C violent felony must be accompanied by a period of postrelease supervision between 2½ and 5 years, a fact understood and acknowledged by defendant's counsel at sentencing when he requested that County Court impose the minimum period of postrelease supervision under Penal Law § 70.45 "which would be two-and-a-half years."
>
> Moreover, the favorable plea bargain negotiated here belies defendant's claim of ineffective assistance of counsel.

Respondent claims that because the issue was unpreserved, an adequate independent state ground, it is procedurally barred. Alternatively, Respondent argues that the ground is without merit in any event.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims · · ·." *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992). New York's contemporaneous objection rule to preserve appellate review, New York Criminal Procedure Law § 470.05(2), is an adequate and independent state procedural rule precluding review. *See Garcia v. Lewis*, 188 F.3d 71, 78–79 (2d Cir. 1999). In his traverse, Petitioner argues that where, as here, the state court rules on the merits, this Court must also rule on the merits. Petitioner is mistaken. Under controlling Second Circuit law, "[e]ven where the state court has ruled on the merits of a federal claim, 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on

the petitioner's procedural default. *Murden v. Artuz*, 497 F.3d 178, 191 (2d Cir. 2007), quoting, *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005). Thus, Petitioner's claim is procedurally barred.

Even if this Court were to reach the merits, Petitioner would not prevail. The hurdle over which Petition is unable to climb is that the Appellate Division found that "County Court's erroneous indication that the period of post-release supervision would be somewhere between 1½ and 3 years was not a promise or term of the negotiated plea agreement." This Court is bound by that finding unless it can shown by clear and convincing evidence that the finding is incorrect. This, Petitioner has not even attempted to do in this case. Since it was neither a promise nor a term of the negotiated agreement, it could not form the basis for the plea.

Based upon the record, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.[1]

Petitioner is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)). To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, in its decision

---

[1] Respondent has also argued that the claim was unexhausted. The Court need not reach this issue as it may deny the petition on the merits even if unexhausted. 28 U.S.C. § 2254(b)(2).

no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated: March 25, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
